**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **CANDANCE WILLRICH,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **3:13-CV-2670-M-BK** |
| | § | |
| **UNITED STATES OF AMERICA, et al.,** | § | |
| **Defendants.** | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

On July 11, 2013, Plaintiff filed a *pro se* complaint against the United States and various

government officials.  (Doc. 3, 7).  The Court granted her motion to proceed *in forma pauperis*,

but did not issue process pending preliminary screening.  For the reasons that follow, this case

should be summarily dismissed.

## I. BACKGROUND

Plaintiff asserts she has suffered a variety of assaults upon her person, intentional

misrepresentations, and slander and defamation of her character.  (Doc. 3 at 3-7).  According to

Plaintiff, Defendants keep "pushing against a medical implant in her rectum." *Id.* at 3.  Although

Plaintiff has "sent thousands of emails to Defendant[s] pleading with them to restrain from

touching her medical implants," Defendants have allegedly refused to do so. *Id.*  Defendants

also "vandalized Plaintiff's home many years ago" and are "able to hear Plaintiff in her home

with possibly thousands of other state and federal employees." *Id.*  In addition, Defendants have

"made gross ill comments about" her, "plotted to view Plaintiff's sexual organs and improperly

prescribe[d] antibiotics," and "intentionally moved Plaintiff's hand" causing her hand to "hit a

sharp knife." *Id.* at 4-6.  Likewise, Defendants have "raped . . . [her], hit against her chest,

sedated her heart, and then assaulted her brain." *Id.* Plaintiff requests monetary relief for

violations of the American Disabilities Act and her constitutional and human rights. *Id.* at 8-10.

## II. ANALYSIS

Merits Review

Because Plaintiff is proceeding *in forma pauperis*, her complaint is subject to screening

under 28 U.S.C. § 1915(e)(2)(B). That statute provides for *sua sponte* dismissal of a complaint if

the Court finds that it (1) is frivolous or malicious, (2) fails to state a claim upon which relief

may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v.*

*Williams*, 490 U.S. 319, 325 (1989). A court may dismiss a complaint as frivolous when it is

based on an indisputable meritless legal theory or when the factual contentions are "clearly

'baseless.'" *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). The latter category encompasses

allegations that describe "fanciful, fantastic, and delusional" scenarios, or that "rise to the level

of the irrational or the wholly incredible." *Id.* at 33.

Here, Plaintiff's claims are factually frivolous. Her allegations that the Defendants

assault and control her body and mind through medications and her medical implants, describe

fantastic or delusional scenarios that are clearly irrational and incredible. Therefore, Plaintiff's

complaint should be dismissed with prejudice as frivolous. *See Mills v. U.S. Government*, No.

3:11-CV-1428-L-BK, 2011 WL 3347919 (N.D. Tex. Jul. 13, 2011), *accepting recommendation*,

2011 WL 3347906 (N.D. Tex. Jul. 29, 2011) (dismissing complaint as factually frivolous

because it alleged that unidentified individuals "use[d] technology" nationally and internationally

to watch and control him and to commit crimes against him).

Sanction

On July 5, 2013, after the dismissal of nine actions alleging claims similar to the ones in this case, the United States Court of Federal Claims enjoined Plaintiff from filing further actions without first obtaining leave to file.  *See Willrich v. United States*, Nos. 13-406C, l3-410C, 13-438C, l3-448C, 13-449C, 13-450C, 13-451C, 13-452C, 13-453C (Fed. Cl. Jul. 5 2013).[1]  Since Plaintiff persists in filing frivolous actions, she should be barred from filing future *in forma pauperis* actions in this Court unless accompanied by a motion for leave to file.  *See* FED. R. CIV. P. 11(b)(2) and (c)(1); *In re Stone,* 986 F.2d 898, 902 (5th Cir. 1993) (Federal courts have inherent authority "to protect the efficient and orderly administration of justice and . . . to command respect for the court's orders, judgments, procedures, and authority.").

## III. RECOMMENDATION

For the foregoing reasons, it is recommended that this action be summarily **DISMISSED** with prejudice as frivolous, *see* 28 U.S.C. § 1915(e)(2)(B), and that Plaintiff also be **BARRED** from filing future *in forma pauperis* actions in this Court without first seeking leave to file.

SIGNED July 17, 2013.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[1] The sanction order is not available on Westlaw.  However, the order dismissing Plaintiff's cases for lack of jurisdiction is available.  *See Willrich v. United States, No. 13-406C, 2013 WL 3354410* (Fed. Cl. Jul. 3, 2013).

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE