**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| CANDACE WILLRICH, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:13-CV-2670-M-BK |
| | § | |
| UNITED STATES OF AMERICA, et al., | § | |
| | § | |
| Defendants. | § | |
| | § | |
| | § | |
| | § | |
| | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff's "Motion for Leave for Temporary Restraining Order, Preliminary Injunction Hearing, and Permanent Injunction" ("Motion"). Plaintiff's Motion for Temporary Restraining Order is **DENIED**. The other Motions are **DENIED** as well, but may be reasserted later.

### I.   PROCEDURAL AND FACTUAL BACKGROUND

Plaintiff moves this Court for entry of a temporary restraining order against Defendants,[1] "enjoining them from harming Plaintiff, namely, harassing, stalking, intimidating, threatening and other said activities stated in this motion." *Mot*. at 1. Plaintiff further requests that if her request for a temporary restraining order is granted, the Court grant Plaintiff a preliminary and, eventually, permanent injunction. *Id*. at 2.

---

[1] Throughout her Motion, Plaintiff uses "Defendant" and "Defendants" interchangeably. Because Plaintiff brings suit against multiple Defendants, the Court construes Plaintiff's Motion to request injunctive relief against all Defendants in this action.

II.    LEGAL STANDARD

A Plaintiff must demonstrate *each* of the following elements to be entitled to injunctive relief:  (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury if the court does not grant the requested relief; (3) that the threatened injury outweighs any harm that will result if the injunction is granted; and (4) that the grant of injunctive relief will not disserve the public interest.  *See Deutsche Bank Nat. Trust Co. v. Sims*, No. 3:12-CV-05171-M-BK, 2012 WL 6651123, at *2 (N.D. Tex. Dec. 21, 2012) (citing *Janvey v. Alguire*, 647 F.3d 585, 595 (5th Cir. 2011)).

Moreover, where, as here, a plaintiff seeks a restraining order *ex parte*, the Court can issue the requested relief only if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition," and "the movant's attorney [or, if *pro se*, the movant] certifies in writing any efforts made to give notice and the reasons why notice should not be required."  Fed. R. Civ. P. 65(b)(1)(A)-(B).

III.   APPLICATION

As an initial matter, Plaintiff has failed to comply with Federal Rule of Civil Procedure 65(b)(1)(B).  *First*, Plaintiff has not demonstrated why notice should not be required here. Plaintiff's conclusory assertion that "there is not enough time to serve notice on the Defendant and other parties," *Mot.* at 8, is insufficient.  *See Thompson v. Hughes, Watters & Askanase, LLP*, No. 3:13-CV-429-G-BH, 2013 WL 705123, at *1 (N.D. Tex. Jan. 31, 2013), *adopted by*, No. 3:13-CV-0429-G-BH, 2013 WL 705883 (N.D. Tex. Feb. 27, 2013).  *Second*, Plaintiff has not described in her Motion any efforts undertaken to give Defendants notice of her present application.  Plaintiff's statements that "considerable effort was made to request Defendant and

other parties to refrain from stalking and harassing" her, *Mot.* at 2, and that she "also requested that Defendants and other named parties cease and desist from assaulting her in her home, in her car, and at public venues," *id.*, do nothing to explain why she could not have given notice to Defendants of her present *application* for injunctive relief.  Plaintiff's failure to meet the requirements of Federal Rule of Civil Procedure 65(b)(1)(B), is reason enough to deny her Motion.

Even assuming that Plaintiff did satisfy the requirements of Federal Rule of Civil Procedure 65(b)(1)(B), she did not satisfy the requirements of Federal Rule of Civil Procedure 65(b)(1)(A).  Plaintiff did not submit an affidavit in connection with this Motion, nor has she filed a verified complaint in this action. Thus, Plaintiff did not point the Court to any specific facts that show that "immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." *See* Fed. R. Civ. P. 65(b)(1)(A).  This, too, is reason enough to deny Plaintiff's Motion.

Most significantly, however, Plaintiff has not demonstrated her entitlement to injunctive relief.  The Court has reviewed the allegations of Plaintiff's Complaint, and concludes that Plaintiff has not demonstrated a substantial likelihood of success on the merits.[2]  Because the party seeking a temporary restraining order bears the burden of proving *each* of the four elements enumerated above, the Court does not decide whether Plaintiff met the other three elements necessary for a grant of injunctive relief.  *See Dearmore v. City of Garland*, 400 F. Supp. 2d 894, 898 (N.D. Tex. 2005).

---

[2] While the Court is aware that Magistrate Judge Toliver has recommended that this case be summarily dismissed with prejudice as frivolous, *see* Findings, Conclusions and Recommendation of the United States Magistrate Judge (Docket Entry No. 10), the Court does not consider this recommendation for purposes of deciding Plaintiff's Motion.

IV.    <u>CONCLUSION</u>

For the reasons given, Plaintiff's Motion is **DENIED**.

**SO ORDERED**.

August 1, 2013.

BARBARA M. G. LYNN
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF TEXAS